TUCKER & LATIFI, LLP
Robert L. Tucker, Esq.
160 East 84th Street
New York, NY 10028
(212) 472-6262
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wink NYC, Inc. <br><br> Plaintiff, <br><br> -against- <br><br> Wink New York, Inc.; and, Susan Aoi Suyama, <br><br> Defendants. | CIVIL ACTION NO. <br> 08 CV 3684 (LTS) |



## FIRST AMENDED COMPLAINT

Plaintiff, Wink NYC, Inc. ("Plaintiff" or "Wink"), through its attorneys, complaining of Defendants, alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for injunctive relief and profits under the Lanham Act and the common law based on the Defendants owning and operating a retail store in Rockville Centre, NY under the name of WINK and owning, operating, using, and maintaining the domain names www.WinkNewYork.com and www.WinkNY.com (collectively referred to as "Infringing Domain Names"). Copies of the opening pages of these sites are annexed hereto and collectively identified as *Exhibit 1*.

## JURISDICTION AND VENUE

2.  This claim arises under the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, particularly under 15 U.S.C. §1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C.§§ 1331 and 1338 and 15 U.S.C. § 1121.

3.  This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

## THE PARTIES

5.  Plaintiff Wink NYC, Inc. is a corporation duly organized and existing under the laws of the state of New York, having an office and principal place of business at 401 Washington Street, New York, New York 10013.

6.  Upon information and belief, Defendant Wink New York, Inc., is a New York corporation with an office and place of business at 280 Merrick Road, Rockville Centre, New York 11570; is and has been doing business in the State of New York and has committed the acts complained of herein in this judicial district. Defendant Wink New York, Inc. is subject to the

jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure and the laws of the State of New York.

7. Upon information and belief, defendant **SUSAN AOI SUYAMA** is an individual residing at 76 State Route 5, Apt. 1B, Edgewater, New Jersey 07020 and is the conscious, dominant and active force behind the wrongful activities of the corporate defendant Wink New York, Inc., which wrongful acts she engaged in for the gain and benefit of defendant Wink New York, Inc. and for her own individual gain and benefit. Defendant Susan Aoi Suyama is subject to the jurisdiction of this Court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure. Defendants Wink New York, Inc. and Susan Aoi Suyama are hereinafter collectively referred to as "Defendants".

## PLAINTIFF'S ACTIVITIES

8. Plaintiff owns the trademarks and service marks **WINK, WINK plus Skull Design, and WINK plus Circle Design**, on and in connection with retail store services, shoes, apparel, jewelry, handbags, and other fashion accessories and related products for men and women and various U.S. Trademark Registrations for such marks (hereinafter collectively referred to as the "Wink Trademarks").

9. As the owner of the Wink Trademarks, Plaintiff has the exclusive right to use the Wink Trademarks in connection with those goods and services covered by Plaintiff's Trademark Registrations for such marks.

10. Plaintiff owns three popular and highly successful WINK-named retail stores throughout Manhattan, located on Lexington Avenue between 74th and 75th Streets; On

Columbus Avenue between 68th and 69th Streets; and, at 155 Spring Street in Soho. Also, Plaintiff owns, operates, and sells its various products through its Internet site, www.WinkNYC.com.

11. Plaintiff Wink sells in interstate commerce high quality shoes, apparel, jewelry, handbags, and other fashion accessories and related products for men and women. Plaintiff Wink has acquired an outstanding reputation because of the unique fashion styling of its WINK-branded goods and the other branded goods sold in Plaintiff's WINK boutiques and on its' Internet Site. As a result of the extensive advertising and unsolicited editorial pieces about Plaintiff, along with the widespread sale of WINK-branded merchandise and the celebrity that Wink and the Wink Trademarks have achieved, the Wink Trademarks have been and are now recognized by the public and the trade as originating from one single source, Plaintiff Wink.

12. Wink is the owner of the following registrations in the U.S. Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date | Date of First Use | Goods |
|---|---|---|---|---|
| WINK | 2,341,178 | 4/11/2000 | August, 1995 | 25 - Apparel |
| WINK plus Skull Design | 3,329,195 | 11/6/2007 | November 2004 | 25 - Apparel |
| WINK plus Circle Design | 3,329,196 | 11/6/2007 | November 2004 | 25 - Apparel |
| WINK plus Circle Design | 3,329,197 | 11/6/2007 | November 2004 | 35 – Retail Store Services |

(hereinafter collectively referred to as the "Wink Registrations", copies of which are annexed hereto and collectively identified as *Exhibit 2*.

14. The Wink Registrations are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

15. Wink and its predecessors have used the Wink Trademarks for many years on and in connection with retail store services, shoes, apparel, jewelry, handbags, and other fashion accessories and related products for men and women.

16. The Wink Trademarks identify highly styled and quality products originating from Plaintiff Wink.

17. Wink has gone to great lengths to protect and enforce its trademark rights under he Wink Trademarks.

18. On or about January 10, 2008, counsel for Wink sent a demand letter to Defendants, a copy of which is annexed hereto as *Exhibit 3*, demanding that Defendants assign their domain names that infringe upon the Wink trademarks, www.WinkNewYork.com and www.WinkNY.com (collectively, the "Infringing Domain Names") to Plaintiff. Defendants failed to agree to Plaintiff's Demands.

## DEFENDANTS' INFRINGING ACTIVITIES

19. Upon information and belief, Defendants have infringed and threaten to further infringe upon Plaintiff's Wink Trademarks by owning, operating, and using the WINK name in connection with retail store opened in 2006 in Rockville Centre, New York and owning, operating, and maintaining the Infringing Domain Names. The use and display of the WINK name for a retail store and for the Infringing Domain Names by Defendants is an unauthorized use of copies of the Wink Trademarks.

20. Long after Plaintiff's adoption and use of the Wink Trademarks, Defendants, on information and belief, commenced the use of copies of the Wink Trademarks for a retail store and in the Infringing Domain Names.

21. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Wink Trademarks; are in total disregard of

the Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that the use of any of the trademarks of Plaintiff, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

22.  The use by Defendants of a copy of the Plaintiff's trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that Defendant's store and their websites operating under the Infringing Domain Names are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

23.  Plaintiff incorporates all prior allegations.

24.  Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Wink Trademarks in connection with a retail store and two Internet sites.

25.  Defendants have intentionally and willfully used these infringing designations in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain and such intentional and willful conduct by the Defendants makes this an exceptional case.

26.  Defendants' use of Plaintiff's Wink Trademarks to advertise and offer for sale goods was and is without the consent of Plaintiff.

27.  Defendants' unauthorized use of copies of the Plaintiff's Wink Trademarks on and in connection with the advertising and sale goods constitutes Defendants' use of Plaintiff's

Registered Trademarks in commerce.

28.  Defendants' unauthorized use of the Plaintiff's Trademarks as set forth above is likely to:

   (a)  cause confusion, mistake and deception;

   (b)  cause the public to believe that Defendants' Wink store and their Internet sites are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff;

   (c)  result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting Plaintiff's advertising and promotion and profiting from the reputation Plaintiff has built up under the Wink Trademarks all to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Wink Trademarks and the substantial goodwill represented thereby.

29.  Defendants' acts as aforesaid constitute trademark Infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29.  Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined but believed to be in excess of One Million Dollars ($1,000,000).

30.  Defendants' infringing acts will continue unless enjoined by this Court.

## COUNT II

### FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND REPRESENTATIONS UNDER 15 U.S.C. §1125(a)

31.  Plaintiff incorporates all prior allegations.

32.  Defendants have, in connection with their goods, used in commerce, and continue to use in commerce copies of Plaintiff's Wink Trademarks.

33.  Defendants have affixed, applied and used in connection with their sale of goods,

7

false designations of origin and false and misleading descriptions and representations, including copies of Plaintiff's Wink Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendants.

34. Defendants use of copies of one or more of the Plaintiff's Wink Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations is all to the detriment of Plaintiff.

35. Defendants' use of copies of Plaintiff's Wink Trademarks in association with their retail store and the Infringing Domain Names constitutes false descriptions and representations tending to falsely describe or represent Defendants online Internet sites as being authorized, sponsored, affiliated or associated with Plaintiff.

36. Defendants use of copies of one or more of Plaintiff's Wink Trademarks is with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

37. Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products and/or services as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

38. Defendants' wrongful acts will continue unless enjoined by this Court.

39. Plaintiff has no adequate remedy at law.

40. Plaintiff is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff incorporates all prior allegations.

42. Defendants' acts previously alleged herein constitute common law trademark infringement.

43. Plaintiff is without an adequate remedy at law, as Defendants' acts have caused Plaintiff irreparable harm to its business reputation, good will and stature in the business community.

44. Plaintiff is informed and believes and thereon alleges that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

45. The use by Defendants of copies of the Wink Trademarks is without any permission, license or other authorization from Plaintiff.

46. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

I.  That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

  A.  Using any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Wink Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

  B.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Wink Trademarks;

  C.  Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Plaintiff or sponsored by or associated with Plaintiff;

  D.  Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Wink Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

  E.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products distributed or sold by Defendants is in any manner associated or connected with

        Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

II. Directing that Defendants assign the Infringing Domain Names to Plaintiff;

III. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products and services sold or otherwise promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff.

IV. Requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringing acts;

V. Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and prejudgment interest in accordance with 15 U.S.C. §1117.

VI. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

//
//
//
//
//
//
//
//
//
//
//

VII.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

Dated: New York, New York
   May 21, 2008

>                    Respectfully submitted,
>
>                    TUCKER & LATIFI, LLP
>                    *Attorneys for Plaintiff*
>                    160 East 84th Street
>                    New York, NY 10028
>                    (212) 472-6262
>
>                    _____
>                    Robert L. Tucker (RLT 1027)

winknewyork.com                                                                                     http://www.winknewyork.com/

This is a free Starter Web Page courtesy of GoDaddy.com, Inc.



**280 Merrick Road**
**Rockville Centre, NY 11570**
**(516)255-WINK**

# Coming Soon!

www.winknewyork.com

Located on the corner of Merrick Road and Park Avenue, Wink New York is open for your shopping pleasure. We carry all the latest women's fashions, including accessories, handbags, belts and more! Patronized by style conscious and fashion savvy shoppers, Wink New York remains your number one source for the hottest trendy fashions. Our great prices along with unique items makes us the stylish woman's number one choice for great deals on fashion. Whether shopping for a great gift, or adding to your wardrobe, Wink New York offers personalized service. Come by and see us. Don't forget to check back, our new website will be up and running soon.

Email us at: winkny@aol.com
Visit us at: www.myspace.com/winknewyork

Go Daddy

Find a domain name:
www. [        ] .com    GO

**Domain Names**
**Risk-free Transfers**

*Plus ICANN fee of 20 cents per domain name/year.

# Exhibit 1

4/16/2008 9:49 AM

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,341,178

**United States Patent and Trademark Office**  Registered Apr. 11, 2000

## TRADEMARK
## PRINCIPAL REGISTER

### WINK

WINK BY WINK, INC. (CALIFORNIA CORPORATION)
166 GEARY STREET
SAN FRANCISCO, CA 94108

FOR: WOMEN'S SPORTSWEAR, NAMELY, JACKETS, JEANS, T-SHIRTS, DRESSES, SKIRTS, SLACKS, SHOES, TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1995; IN COMMERCE 8-0-1995.

SER. NO. 75-716,225, FILED 5-27-1999.

KAREN K. BUSH, EXAMINING ATTORNEY

Exhibit 2

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,329,195
Registered Nov. 6, 2007

## TRADEMARK
PRINCIPAL REGISTER



WINK

WINK NYC, INC. (NEW YORK CORPORATION)
401 WASHINGTON STREET
NEW YORK, NY 10013

FOR: CLOTHING NAMELY, PANTS, JEANS, T-SHIRTS, TANK TOPS, SHIRTS, JACKETS, COATS, SWEATERS, VESTS, SKIRTS, BLOUSES, DRESSES,

HATS, SOCKS, BELTS AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-28-2004; IN COMMERCE 11-28-2004.

SER. NO. 78-773,019, FILED 12-14-2005.

HANNO RITTNER, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,329,196
Registered Nov. 6, 2007

## TRADEMARK
### PRINCIPAL REGISTER



WINK NYC, INC. (NEW YORK CORPORATION)
401 WASHINGTON STREET
NEW YORK, NY 10013

FOR: CLOTHING NAMELY, PANTS, JEANS, T-SHIRTS, TANK TOPS, SHIRTS, JACKETS, COATS, SWEATERS, VESTS, SKIRTS, BLOUSES, DRESSES, HATS, SOCKS, BELTS AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-28-2004; IN COMMERCE 11-28-2004.

SER. NO. 78-773,062, FILED 12-14-2005.

HANNO RITTNER, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,329,197

United States Patent and Trademark Office     Registered Nov. 6, 2007

## SERVICE MARK
## PRINCIPAL REGISTER



WINK NYC, INC. (NEW YORK CORPORATION)
401 WASHINGTON STREET
NEW YORK, NY 10013

FOR: RETAIL STORE SERVICES IN THE FIELD OF GENERAL MERCHANDISE, NAMELY, MENS AND WOMENS CLOTHING AND SHOES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-28-2004; IN COMMERCE 11-28-2004.

SER. NO. 78-773,164, FILED 12-14-2005.

HANNO RITTNER, EXAMINING ATTORNEY

# TUCKER & LATIFI, LLP
### COUNSELORS AT LAW
160 EAST 84TH STREET
NEW YORK, NEW YORK 10028
(212) 472-6262
(212) 244-6509 FAX

ROBERT L. TUCKER
AFSCHINEH LATIFI, NY, CA & D.C.
ALI R. LATIFI

915 N. CITRUS AVENUE
HOLLYWOOD, CA 90038
(323) 464-2400
(323) 464-2410 FAX

OF COUNSEL:
BRENT H. BLAKELY (CA)
TIFFANY L. JOSEPH (CA)
WENDY SHA (CA)

January 28, 2008

**BY FEDERAL EXPRESS**
Wink New York, Inc.
280 Merrick Road
Rockville Center, NY 11570-5324

Re: www.WinkNewYork.com and www.WinkNY.com Domain Names

Dear Sirs:

This firm is counsel to Wink NYC, Inc. ("Wink NYC"), owner of the three popular and highly successful WINK-named retail stores throughout Manhattan[1] selling shoes, apparel, jewelry, handbags and other fashion accessories designed and manufactured by some of the most fashion forward designers. Wink NYC also sells various lines of WINK-branded apparel, jewelry and bags. In addition to retailing its goods through its WINK-named stores, Wink NYC also sells its products through its Internet site, www.WinkNYC.com.

Wink NYC is the owner of the following U.S. Trademark and Service Mark Registrations:

| Mark | Int'l Class | Date of First Use | Registration Date |
|---|---|---|---|
| WINK | 25 - Apparel | Aug. 1995 | 4-11-00 |
| WINK plus Skull Design | 25 – Apparel & shoes | Nov. 2004 | 11-6-07 |
| WINK plus Circle Design | 25 - Apparel & shoes | Nov. 2004 | 11-6-07 |
| WINK plus Circle Design | 35 Retail store services | Nov. 2004 | 11-6-07 |

(Collectively, the "Wink Trademarks"). Copies of the U.S. Registrations for the Wink Trademarks are annexed hereto as *Exhibit A*. The Wink Trademarks are a great and valuable asset of Wink NYC and Wink NYC has obtained a great amount of unsolicited editorial press under the Wink Trademarks, some of which is annexed hereto and collectively identified as *Exhibit B*.

---
[1] On Lexington Avenue between 74th & 75th Streets; on Columbus Avenue between 68th & 69th Streets; and, at 155 Spring Street in Soho.

Exhibit 3

January 28, 2008
Page 2

    Through correspondences with a number of Wink NYC's confused customers, Wink NYC has recently learned that you own the domain names www.WinkNewYork.com and www.WinkNY.com. Both of these domain names lead to a cover page indicating that the site is "*Coming Soon*", copy annexed as *Exhibit C*. The impression that these customers of Wink NYC had and have (when they obviously mistyped the wrong URL into a web browser) is that Wink NYC's great www.WinkNYC.com site that they so enjoyed shopping on was no longer online and being revised, which clearly isn't true.

    Wink NYC believes that the use and maintenance of the domain names www.WinkNewYork.com and www.WinkNY.com by your company infringes upon Wink NYC's intellectual property rights in and to the Wink Trademarks and constitutes trademark infringement and unfair competition and subjects you to the potential of federal court litigation and/or becoming the respondent in a World Intellectual Property ("WIPO") Domain Name Resolution Proceeding.

    Our client is demanding that you immediately assign the www.WinkNewYork.com and www.WinkNY.com domain names to Wink NYC for the nominal price for which you purchased them. If you fail to comply with our client's demands, our client will have no choice other than to initiate formal legal proceedings to enforce its intellectual property rights in and to the Wink Trademarks.

    Unless we hear from you or your attorney within 10 business days of your receipt of this letter to resolve this matter, we have been instructed by our client to immediately commence formal legal proceedings against you.

Sincerely,

Robert L. Tucker

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Wink NYC, Inc.,

      Plaintiff,

v.

Wink New York, Inc.; and, Susan Aoi Suyama,

      Defendants.
_____

Civil Action No.

08 CV 3684 (LTS)

# **FIRST AMENDED COMPLAINT**

**Tucker & Latifi, LLP**
*Counsel for the Plaintiffs*
160 East 84th Street
New York, NY 10028
(212) 472-6262